UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| DAVID W. TAYLOR, ) | |
| ) | |
| ) | |
| *Plaintiff,* ) | |
| v. ) | No.    1:10-cv-204 |
| ) | *Chief Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA, BUREAU ) | |
| OF PRISONS, SALVATION ARMY, ) | |
| ) | |
| *Defendant.* ) | |

# MEMORANDUM

David W. Taylor ("Taylor") has filed a *pro se* complaint and affidavit which he contends is filed in accordance with the Federal Tort Claims Act, 28 U.S.C. § 2671 (Court File No. 2). Taylor claims he was forced to pay subsistence in the amount of 25% of his gross income while employed and staying at the Federal Halfway House under contract with the Bureau of Prisons ("BOP"). According to Taylor, it is the responsibility of the BOP to provide care, safekeeping, and subsistence to all inmates, thus he should be reimbursed his payment of approximately $1,350.00 to the halfway house. Taylor asserts he was released from the custody of the BOP on January 5, 2009.

Defendants have filed motions to dismiss, *inter alia*, for lack of subject matter jurisdiction or failure to state a claim, pursuant to Rule 12(b)(1) or Rule 12(b)(6)(Court File Nos. 16 & 27), to which Plaintiff objects (Court File No. 24), and to which Defendant Salvation Army replied (Court File No. 25).

For the following reasons, Defendants's motions to dismiss will be **GRANTED** (Court File Nos. 16 & 27), and the complaint will be **DISMISSED** in its entirety (Court File No. 2). In addition, Plaintiff's motion requesting the Court to reconsider its decision denying him appointed counsel will be **DENIED** (Court File No. 41)

## I. Standard of Review

### A. *Pro Se Pleadings*

*Pro se* pleadings filed in civil cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt the plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (*In re DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997).

### B. *Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)*

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Title 28 U.S.C. §§ 1915(e)(2), 1915A, and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous or fail to state a claim upon which relief can be granted. *See McGore v. Wrigglesworth*,

114 F.3d 601, 608 (6th Cir.), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

### C.     *Federal Rule of Civil Procedure 12(b)(1) and (6) Standard of Review*

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is proper when a federal court lacks subject-matter jurisdiction. When subject matter jurisdiction is challenged, the party asserting jurisdiction (in this case, the plaintiff), bears the burden of establishing jurisdiction to survive a motion to dismiss. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). If the plaintiff fails to meet his burden, the motion to dismiss must be granted. *Moir*, 895 F.2d at 269. When considering a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, a court is permitted to review other evidence to resolve factual disputes. *See Rogers v. Stratton Industries, Inc.,* 789 F.2d 913, 918 (6th Cir., 1986) (discussing that courts "may resort to written or live evidence submitted in connection" with a Rule 12(b)(1) motion). "Moreover, on the question of subject matter jurisdiction the court is not limited to jurisdictional allegations of the complaint but may properly consider whatever evidence is submitted for the limited purpose of ascertaining whether subject matter jurisdiction exists. *Pryor Oil Co., Inc. v. United States*, 299 F.Supp.2d 804, 807-808 (E.D. Tenn. 2003) (citing *Rogers v. Stratton Industries, Inc.,* 798 F.2d at 915-16 (other citations omitted).

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is proper when a pleading or a portion of a pleading fails to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion for dismissal, the Court construes the complaint in the light most favorable to the Plaintiff and accepts all well-pleaded allegations of fact in the complaint as being true. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a factual allegation is capable of more than one reasonable inference, it must be construed in Plaintiff's favor. *Saglioccolo v. Eagle Ins. Co.*, 112

F.3d 226, 228 (6th Cir. 1997). The Court may not dismiss a complaint merely because the Court does not believe the allegations of fact set forth in the complaint. *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997).

The Court, however, is not required to accept as true mere legal conclusions and unwarranted inferences of fact. *See Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 575 (6th Cir. 2008). The complaint must do more than recite bare assertions of legal conclusions without supporting allegations of material facts. *Evans v. Pearson Enterprises Inc.*, 434 F.3d 839, 847 (6th Cir. 2006). Conclusive allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 2009 WL 723132, *4 (6th Cir. March 18, 2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (complaint must contain more than statement of facts that merely creates speculation or suspicion of a legally cognizable cause of action).

**II.     Background**

The background information is taken from the record before the Court and the United States Statement of the Facts, which they claim, and Plaintiff does not deny, are undisputed material facts (Court File No. 28). Plaintiff is a federal inmate currently housed at the Federal Correctional Institution in Victorville, California (Court File Nos. 28, p. 2, and 28-1, p. 2-3).

Plaintiff's current sentence is for bank robbery in violation of 18 U.S.C. § 2113(a) and for a supervised release violation. Plaintiff was sentenced in the Eastern District of Tennessee, on May 1, 2009, to an aggregate sentence of 206 months and a three year term of supervised release. Plaintiff's projected release date is January 14, 2024 (Court File No. 28-1, p. 10).

Prior to his current sentence, on June 24, 2002, Plaintiff was sentenced to a 96 month sentence by the Eastern District of Tennessee, with a 3 year term of supervision to follow for

violating 18 U.S.C § 2113(a), bank robbery (Civil Case No. 1:02-cv-9 (E.D. TN)). As part of his sentence, Plaintiff was ordered to pay a $300.00 assessment and restitution in the amount of $3,571.00. Although the Court determined Plaintiff did not have the ability to pay interest and waived the interest requirement for restitution, the Court did not address Plaintiff's ability to pay costs of incarceration and community confinement.

On the June 2002 sentence, Plaintiff was designated to the Salvation Army Comprehensive Sanction Center (halfway house) in Chattanooga, Tennessee on July 10, 2008, and was released on January 5, 2009, upon completion of his federal sentence. While there, he paid $956.00 toward subsistence (Court File No. 28-2, pp. 2-3).

Stephen Schwieger is the Director of the Salvation Army Comprehensive Sanction Center, a Residential Re-entry Center ("RRC") in Chattanooga, Tennessee (Court File No. 28-2). Mr. Schwieger submitted a declaration under penalty of perjury and explained the Salvation Army's regulations concerning an inmate's financial responsibilities whiled housed in his facility as follows:

> Program Statement (P.S.) 7300.09, Community Corrections Manual, addresses an inmate's payment of routine medical costs and subsistence payments to contractors (the halfway house). Specifically, it states "To promote financial responsibility and offset the cost of incarceration, the Bureau requires inmates to make subsistence payments to contractors. Contractors shall collect 25% of each employed inmate's weekly gross income not to exceed the daily inmate-day rate . . . An inmate who fails to pay subsistence may have privileges withheld or disciplinary action may be taken, including termination from the program. . . . If the court indicates that subsistence should not be collected, the CCM shall comply with the court's order. . . .Absent a court order, offenders are responsible for subsistence payments as outlined in this section." See P.S. 7300.09, Chapter 5, p. 30. Further, with respect to medical care, the program statement states that inmates in halfway houses are expected to become financially self-sufficient and therefore, bear the cost of medical care. See P.S. 7300-09, Chapter 5, p. 28. Additionally, the program statement allows inmates who have severe hardships to ask for a waiver of subsistence payments, and subsistence payments may be waived on a case-by-case basis. See P.S. 7300-09, Capther 5, p. 30-31.

5

(Court File No. 28-2, p. 2). Plaintiff does not claim he requested a waiver and Mr. Schwieger avers there is no record that Plaintiff requested a waiver of subsistence while he was housed at the RRC (Court File No. 28-2,p. 3). Plaintiff paid subsistence in the amount of $956.00 during his stay at the halfway house (*Id.*).

Plaintiff was released from the Salvation Army RRC on January 5, 2009, when he was released from federal custody. Plaintiff filed this complaint on July 24, 2010. The undisputed record reflects the Bureau of Prisons ("BOP") received Plaintiff's tort claim on August 6, 2010, wherein he complained of being forced to pay subsistence to the Salvation Army RRC, and the tort claim was not denied until January 19, 2011, almost six months after Plaintiff filed the instant complaint (Court File No. 28-1, pp. 2-3).

Defendant Salvation Army filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted, claiming it is not subject to the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2671 et. seq. ( the "Act") and Plaintiff failed to exhaust his administrative remedies, as required by the Act (Court File No. 16). The United States, on behalf of its agency, the Bureau of Prisons ("BOP"), moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing the Court lacks subject matter jurisdiction because the Plaintiff did not exhaust his administrative remedies before filing his complaint as required by the Federal Tort Claims Act, and alternatively argues the complaint should be dismissed because the claim lacks merit (Court File No. 27).

### III. Analysis

Generally, the United States as sovereign is immune from suit except under certain limited circumstances in which it has waived that immunity. *See United States v. Mitchell*, 445 U.S. 535,

6

538 (1980). Pursuant to the passage of the Federal Tort Claims Act ("FTCA"), the United States has waived immunity to tort suits under certain conditions and subject to certain exceptions. 28 U.S.C. § 2674. The FTCA is limited to "civil actions on claims *against the United States*, for money damages, . . .[,]" *see* 28 U.S.C. § § 2671 and 1346(b)(1) (emphasis added), and it explicitly excludes independent contractors from its scope. 28 U.S.C. § 2671.

Aside from the fact Plaintiff's complaint names the Salvation Army(arguably a private, not-for-profit corporation that is not subject to the Act since it is not a federal agency) and the BOP as defendants, when the United States is the only proper party in a FTCA case, and the complaint lacks merit (because Plaintiff did not request to waive his subsistence payments from the RRC and there is no court order waiving the costs of community confinement and subsistence and medical costs), for the reasons explained below, the Court lacks subject matter jurisdiction over this FTCA claim because a plaintiff seeking relief under the FTCA must *first* exhaust administrative remedies, something Plaintiff failed to do prior to filing this FTCA complaint. 28 U.S.C. § 2675.

Plaintiff brings this action under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et. seq.* Title 28 U.S.C. § 2675(a) of the FTCA states, "An action shall not be instituted upon a claim against the United States for money damages . . ., unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . ." Thus, an FTCA claim may not be brought until the plaintiff has exhausted all administrative remedies. *McNeil v. United States*, 508 U.S. 106, 112 (1993) ("The most natural reading of the statute [28 U.S.C. § 2675(a)] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process").

Defendant Salvation Army claims it is not subject to the FTCA, as that Act only applies to

7

the United States. In addition, this defendant argues Plaintiff failed to exhaust his administrative remedies. The United States, on behalf of its agency, the BOP, requests the complaint be dismissed for lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies. The government also argues his allegation he was wrongfully required to pay subsistence payments to a halfway house lacks merit.

### A. *Parties*

Initially, the Court observes the Federal Tort Claims Act subjects the United States of America to liability for the tortious conduct of United States government employees. Therefore, "[t]he United States of America is the only proper defendant in an FTCA action, not a government agency or government employee." Daniel A. Morris, *Federal Tort Claims* (2008-2010). In addition, Title 28 U.S.C. § 2671 specifically excludes a private contractor from liability:

> As used in this chapter and sections 1346(b) and 2401(b) of this title, the term "Federal agency" includes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States.

28 U.S.C. § 2671. Although "[t]he United States is generally not responsible for the acts of its independent contractors[,]" when determining whether a person is an employee of the government within the meaning of the FTCA, an important factor that the Court looks at is the degree of control the government exercises over a person in the performance of his duties. Daniel A. Morris, *Federal Tort Claims* § 7.1 (2008-2010).

> The test for distinguishing an agent from a contractor for FTCA purposes is the existence of federal authority to control and supervise the detailed physical performance of day-to-day operations, and not whether the person must comply with federal standards and regulations. Under this standard, a court held that a park service concessionaire, required to submit a price list for federal approval and to maintain and operate facilities in a particular manner, was an independent contractor

rather than an agent of the federal government.[1] Employees of a contractor with the federal government whose physical performance is not subject to governmental supervision are not to be treated as 'acting on behalf of' a federal agency simply because they are performing tasks that would otherwise be performed by salaried employees of the government.

Daniel A. Morris, *Federal Tort Claims* § 7:10 (2008-2010).

Defendant Salvation Army maintains it contracted with the BOP to provide halfway house services to provisionally-released federal inmates. In addition, citing to *Bailor v. Salvation Army*, 51 F.3d 678 (7th Cir. 1995), Defendant Salvation Army argues the Court of Appeals for the Seventh Circuit has explicitly held that the Salvation Army, within its capacity as a federal halfway house, is a contractor, rather than an agent of the Bureau of Prisons, and thus is not subject to the provisions of the Act. In that case, noting that the Supreme Court has instructed "that the determination of whether an entity should be classified as a contractor or employee depends upon the amount of governmental agency control of physical performance of the entity's day-to-day activities[,]" *id.* at 685 (citations omitted), the *Bailor* court performed a careful study of the Statement of Work between the Bureau of Prisons and the Salvation Army before concluding, in that case, the Salvation Army was a contractor and not an employee. *Id.*

In the instant case, the Salvation Army has not submitted any documentation to support a finding that they are an independent contractor. Likewise, Plaintiff who argues the Salvation Army is an agent and not an independent contractor, submits no proof to support those claims. The Court need not make that determination, however, because even assuming the Salvation Army meets the definition of employee/agent under the FTCA, the only proper party under the FTCA is the United

---

[1] *Ducey v. United States*, 713 F.2d 504 (9th Cir., 1983), *reversed on other grounds*, 830 F.2d 1071 (9th Cir (1987).

States. *See* 28 U.S.C. §§ 1346(b), 2674, 2679(b) and (d)(1); *Rivera v. United States*, 928 F.2d 592, 608-09 (2d Cir. 1991) ("Section 2679(b)(1) of the FTCA, . . . provides that a suit against the United States is the exclusive remedy for a suit for damages for injury or loss of property 'resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." (Internal punctuation omitted)); *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) ( "The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee." ); *C.P. Chemical Co., Inc. v. United States*, 810 F.2d 34, 37 n. 1 (2nd Cir. 1987) ("The FTCA expressly provides that only the United States may be held liable for torts committed by a federal agency, and not the agency itself").

In sum, Title 28 U.S.C. § 1346(b) provides the Court with jurisdiction over Plaintiff's FTCA complaint but only to the extent it is against the United States. Neither an agency of the United States nor an independent contractor may be sued under the FTCA. *F.D.I.C. v. Meyer*, 510 U.S. 471, 476 (1994) ("Thus, if a suit is 'cognizable' under § 1346(b) of the FTCA, the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name,' despite the existence of a sue-and-be-sued clause."). There is, therefore, no basis for any claim against the Salvation Army or BOP in this FTCA action. Consequently, because Plaintiff's complaint against Defendants BOP and Salvation Army is not cognizable under the FTCA the Court has no jurisdiction to entertain Plaintiff's FTCA action against them. Thus, the only proper defendant is the United States.

Accordingly, since neither the Salvation Army nor the BOP are proper defendants in this suit, they will be **DISMISSED** from the complaint and Defendant Salvation Army's motion to dismiss is **GRANTED** (Court File No. 16).

### B.     *Exhaustion of Remedies*

Defendants argue Plaintiff failed to exhaust his administrative remedies prior to filing the instant complaint (Court File Nos. 16 & 28). Along with its motion to dismiss, the government has submitted the declaration of Kevin Littlejohn, Paralegal Specialist for the Federal Bureau of Prisons ("BOP"), wherein he declares under penalty of perjury that Plaintiff did not file a tort claim with the BOP until August 6, 2010–subsequent to the filing of this complaint (Court File No. 28-1). The tort claim was denied on January 19, 2011 (Court File No. 28-1).

Although Plaintiff has filed an objection to the motion to dismiss he has not submitted any documentation to support his confusing allegations, nor does he dispute that he failed to exhaust his administrative remedies as required by 28 U.S.C. § 2675(a) prior to filing the instant complaint (Court File No. 24). Although he claims his unit "has not had a counselour [sic] that he could have access [sic] to carry out administrative remedy process adequetely [sic], however he was able too [sic] get a resonse [sic] on a informal resolution to one staff member, but the BP-9 from the warden was nevered [sic] answered[,]" he has provided no documentation to support his confusing allegations.[2] Nevertheless, he does not claim to have filed an administrative claim asking for a refund until June of 2010 and does not claim to have done so prior to the filing of this complaint (Court File No. 24). Consequently, the declaration signed under penalty of perjury and submitted by the United States is uncontested proof that Plaintiff failed to exhaust his administrative remedies prior to filing the instant complaint.

---

[2] The Court is unable to conclude, based upon this limited claim without any documentation, that Plaintiff's alleged filing constituted an administrative claim or that he was prevented from filing a claim. Moreover, although Plaintiff claims he filed an administrative claim in June 2010, he does not claim he exhausted his administrative remedies prior to filing the instant complaint.

As the Sixth Circuit has explained, "[t]o bring a tort action against the government, the plaintiff must first establish that the government has waived sovereign immunity. The government has waived its sovereign immunity to suits for tort actions under the FTCA, but only in so far as the plaintiff has exhausted his administrative remedies" *Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002) (citations omitted). Further, the Sixth Circuit has instructed that "the filing of administrative claims is not merely an additional option that litigants may elect to pursue at their convenience. Rather, exhaustion is a necessary prerequisite to the invocation of federal jurisdiction . . ." *Schaffer by Schaffer v. A.O. Smith Corp.*, 36 F.3d 1097 (6th Cir. 1994) (unpublished), *available at* 1994 WL 520853, *3.

The law is clear–a district court is required to dismiss an FTCA action filed before exhaustion is complete even where the administrative process concludes before substantial progress has taken place in the litigation. *McNeil v. United States*, 508 U.S. at 111-13 ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). This case is controlled by the Supreme Court's decision in *McNeil*. Plaintiff filed his lawsuit prior to filing his claim with the BOP and prior to the BOP finally denying his claim. Because Plaintiff's complaint was filed prior to the date on which he filed a tort claim with the BOP and exhausted his administrative rememdies, it is premature. Accordingly, the Court **GRANTS** United States' motion to dismiss the complaint for lack of subject matter jurisdiction (Court File No. 27).

## IV.   Conclusion

For the reasons explained above, Defendants motions to dismiss will be **GRANTED** (Court

File Nos. 16 & 27). Plaintiff's motion requesting the Court to reconsider its decision denying appoint of counsel will be **DENIED** (Court File No. 41), and the complaint will be **DISMISSED** (Court File No. 2).

A judgment order will enter **DISMISSING** Plaintiff's complaint in its entirety and directing the Clerk to close the file in this case.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**